%JS 44 (Rev. 12/07, NJ 5/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS
Lawrence Sarlo and Susan Sarlo, h/w

(b) County of Residence of First Listed Plaintiff  Cape May

Michael H. Gaier, Esquire, SHAFFER & GAIER, LLC, 8 Penn Center, 1628 John F. Kennedy Boulevard, Suite 400, Philadelphia, PA 19103, (215) 751-0100, mhgaier@shaffergaier.com

## DEFENDANTS
Wells Fargo Bank, N.A.

County of Residence of First Listed Defendant  York, SC

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE LAND INVOLVED.

Attorneys (If Known)

## II. BASIS OF JURISDICTION (Place an "X" in One Box Only)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" in One Box for Plaintiff and One Box for Defendant) (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" in One Box Only)

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☒ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 690 Other | | ☐ 490 Cable/Sat TV |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | **LABOR** | **SOCIAL SECURITY** | ☐ 810 Selective Service |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 195 Contract Product Liability | | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 196 Franchise | | ☐ 730 Labor/Mgmt.Reporting & Disclosure Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 442 Employment | **Habeas Corpus:** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 790 Other Labor Litigation |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 540 Mandamus & Other | **IMMIGRATION** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | ☐ 550 Civil Rights | ☐ 462 Naturalization Application | ☐ 950 Constitutionality of State Statutes |
| | ☐ 440 Other Civil Rights | ☐ 555 Prison Condition | ☐ 463 Habeas Corpus - Alien Detainee | |
| | | | ☐ 465 Other Immigration Actions | |

## V. ORIGIN (Place an "X" in One Box Only)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing (Do not cite jurisdictional statutes unless diversity):
28 U.S.C.A. § 1332 - Diversity

Brief description of cause:
Fraud based on Mortgage

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes  ☐ No

## VIII. RELATED CASE(S) (See instructions):
JUDGE
DOCKET NUMBER

Explanation:

DATE: 09/04/2012

SIGNATURE OF ATTORNEY OF RECORD

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** (a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

(b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

(c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: <u>47 USC 553</u>
Brief Description: <u>Unauthorized reception of cable service</u>

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases. Provide a brief explanation of why the cases are related.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LAWRENCE SARLO AND SUSAN SARLO, H/W <br> **Plaintiffs,** <br><br> v. <br><br> WELLS FARGO BANK, N.A. <br> **Defendant.** | NO. <br><br><br><br> JURY TRIAL DEMANDED |

Plaintiffs, Lawrence and Susan Sarlo, H/W, by and through their undersigned counsel, hereby come complaining of Defendant, Wells Fargo Bank, N.A., and aver as follows:

## THE PARTIES

1. Plaintiffs are Lawrence and Susan Sarlo H/W (hereinafter "Plaintiffs" or "Homeowners"), who own the real property located at 415 East 21st Avenue in North Wildwood, New Jersey 08260.

2. Defendant, Wells Fargo Bank, N.A. (hereinafter "Defendant" or "Well Fargo"), has a principal place of business at 3476 Stateview Boulevard in Fort Mills, South Carolina 29715.

## JURISDICTION and VENUE

3. Jurisdiction is proper pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between the parties and the amount in controversy is above the jurisdictional limits.

4. Venue is proper because the events giving rise to the claim occurred in this venue and/or the Defendants maintain an office and regularly conduct business in this district.

5. At all times relevant, Defendant was acting by and through its agents, servants and employees.

6. On April 25, 2003, Plaintiffs executed a Mortgage and Note for a principal sum of $288,000.00.

7. The originating lender was First Magnus Financial Corporation.

8. Wells Fargo allegedly accepted an assignment of Homeowners' Mortgage and transfer of the subject Note.

9. Wells Fargo instituted a mortgage foreclosure action by filing a Summons and Complaint in Mortgage Foreclosure on June 3, 2009 (Docket No. F-29190-09).

10. The mortgage foreclosure action is still pending before the Court.

11. Wells Fargo lured the Homeowners into defaulting on their loan so that Wells Fargo could foreclose on their home.

## FACTUAL ALLEGATIONS
## AND
## COUNT I BREACH OF CONTRACT

12. Plaintiffs incorporate by reference all preceding paragraphs as if they were set forth in full, herein.

13. In or around November 2008, Plaintiff Lawrence Sarlo contacted Wells Fargo to inquire about a loan refinance or modification for the subject Mortgage.

14. At that time, Mr. Sarlo had become disabled; he anticipated financial difficulties as a result of his disability.

15. Prior to contacting Wells Fargo in November 2008, Homeowners had never missed a payment nor had they made a late payment under the terms of the Mortgage and Note.

16. At the time the Homeowners contacted Wells Fargo in November 2008, they had considered other options for relief from their anticipated financial difficulties, but they had been

advised by Wells Fargo that they would qualify for either a loan refinance or loan modification with Wells Fargo.

17. Homeowners relied upon Defendant's promise and as a result, they opted not to pursue other avenues of loss relief.

18. Over the next few months, Homeowners spoke with representatives from Wells Fargo, who instructed them first to compile and then submit their past and current financial documents to Wells Fargo.

19. In February 2009, Wells Fargo told the Homeowners that they would not qualify for a loan refinance and that to be considered for a loan modification they would have to *stop* making monthly payments on their Mortgage.

20. This did not make sense to the Homeowners, who valued their good credit score and that they had never missed a mortgage payment; however, Wells Fargo assured them that it was the only way they would qualify for a loan modification.

21. Wells Fargo further advised that to be considered for the loan modification the Homeowners would need to tender $2,415.00.

22. Wells Fargo stated that the review process would take between eight (8) to twelve (12) weeks.

23. Homeowners immediately tendered the $2,415.00 to Wells Fargo, and again, in reliance upon the promises of Wells Fargo, opted not to pursue other avenues for loss relief.

24. Homeowners provided each and every financial document Wells Fargo requested and followed up via telephone 1-2 times per week to ensure that Wells Fargo had everything it needed to consider them for a loan modification.

25. After more than twelve (12) weeks had elapsed, Homeowners learned that Wells Fargo had grossly mishandled their file.

26. Wells Fargo informed the Homeowners that it had mixed up the Homeowners' file with another Wells-Fargo customer's file: Wells Fargo had reviewed the Homeowners' file based on an income of $12,500.00 per month.

27. Homeowners immediately advised Wells Fargo that that was not their monthly income.

28. Throughout this review process period, Homeowners repeatedly told Wells Fargo that they simply wanted to pay their mortgage payment, but Wells Fargo said that because they had "defaulted," it would not accept any amount less than the full amount of what was owed.

29. Wells Fargo then notified the Homeowners that it intended to foreclose on their home because they had failed to make the very mortgage payments that Wells Fargo had told them *not* to make.

30. On June 3, 2009, after failing to give meaningful review to the Homeowners' financial documents for loan modification, Wells Fargo filed a foreclosure action against the Homeowners.

31. At all times, the Homeowners were willing and able to resume making mortgage payments, but Wells Fargo would not accept the payments.

32. To date, for ***over three years*** from the time Wells Fargo advised the Homeowners to stop making payments on their mortgage, Wells Fargo has failed to give meaningful review to their financial documents for loan modification and instead has pursued foreclosure.

33. On September 8, 2011, in the foreclosure action, Judge Todd ordered the parties to participate in mediation.

34. Homeowners have been and remain able to resume their mortgage payments, but the Lender has not cooperated by working toward a resolution *__for over three years__*.

35. Defendant's foreclosure action was unlawful and filed with bad intent because it instructed the Plaintiffs to default on their mortgage loan.

36. Despite Defendant's improper filing of the foreclosure action, and again pursuant to Defendant's instructions, Plaintiffs continue to gather financial documents so the Defendant will consider them for a loan modification.

37. As a direct result of Wells Fargo's conduct, Homeowners have suffered irreparable harm: after wrongfully initiating foreclosure against the Homeowners, Wells Fargo reported the foreclosure action to credit agencies and transmitted false adverse information about the Homeowners, drastically affecting their credit and causing them great emotional distress.

38. As a direct result of Wells Fargo's conduct of wrongful foreclosure and reporting to credit agencies, Homeowners cannot co-sign for their two sons' college loans: Homeowners now live in fear that one or both of their sons will be asked to leave college at any moment.

39. Wells Fargo has deliberately kept Homeowners in a state of anxiety and emotional distress, caused by the uncertainty of their home's security and the now ruinous state of their credit.

40. Plaintiffs have disputed the debt, fees, costs, interest, late payments, and attorney's fees alleged by the Defendant and have requested verification of the debt.

41. Defendant has given no information whatsoever to the Plaintiffs regarding the monies it claims to be owed, in violation of the Fair Debt Collection Practices Act ("FDCPA") and the New Jersey Consumer Fraud and Protection Act ("N.J.S.A.") and in breach of the duty of Good Faith and Fair Dealing, which is implicit in contracts.

**WHEREFORE,** Plaintiffs request judgment in their favor and against the Defendant for all damages deemed fair and equitable by this Honorable Court including an injunction against Defendant or any party in interest from pursuing foreclosure of Plaintiffs' property; an order requiring Defendant to remove all fees, charges, and interest arising from the wrongfully-instituted foreclosure proceeding, and associated delays, from Plaintiffs' account; rescission and voiding of the Mortgage and Note attached to Plaintiff's foreclosure action, compensatory damages, attorney fees, costs, and any and all other remedies available under the law.

## COUNT II
### BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING

42. Plaintiffs incorporate by reference all preceding paragraphs as if set forth in full herein.

43. The contract formed between Defendant and Homeowners through the Assignment of the Homeowners' Mortgage and transfer of the subject Note included a duty of good faith and fair dealing.

44. Pursuant to an implied covenant in the subject of contracts, Defendant had the duty not to do anything which would deprive Homeowners of the benefit of the contract.

45. Likewise, Defendant had a duty to do everything the contract presupposed it would do to accomplish the purpose of the subject Mortgage.

46. Defendant purposefully denied Homeowners the benefit of the bargain originally intended by the parties, breaching this implied covenant of good faith and fair dealing, when it charged Homeowners $2,415.00 to secure a loan modification agreement, instructed them to stop making monthly payments, refused to consider them for a loan modification agreement, and finally wrongfully initiated foreclosure proceedings, causing the Homeowners to suffer severe economic and emotional damage and other losses.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor and against the Defendant for all damages deemed fair and equitable by this Honorable Court including rescission and voiding of the Mortgage and Note, compensatory damages, punitive damages, treble damages, attorney fees, costs, and any and all other remedies available under the law.

## COUNT III
## NEGLIGENT MISREPRESENTATION

47. Plaintiffs incorporate by reference all preceding paragraphs as if they were set forth in full herein.

48. Defendant knowingly made material misrepresentations to Homeowners: namely that if the Homeowners stopped paying their Mortgage, they would qualify for a loan modification and they would not be foreclosed upon.

49. Defendant knew that Homeowners would rely on what Defendant told them.

50. Homeowners reasonably took Defendant at its word, ceasing Mortgage payments, providing Defendant with copious financial documents, and paying Defendant $2,415.00 to secure a loan modification.

51. As a proximate result of the Defendant's negligent misrepresentation, Homeowners' have suffered consequential damage and will continue to suffer additional damage

in an amount to be fully proved at the time of trial: their credit is severely impaired and they are threatened with the eminent loss of their property despite the fact that they followed each and every one of the Defendant's instructions..

52. Absent the Defendant's misrepresentations, Homeowner would have pursued other avenues for loss relief.

**WHEREFORE**, Plaintiffs request judgment in their favor and against the Defendant for all damages deemed fair and equitable by this Honorable Court including an injunction against Defendant or any party in interest from pursuing foreclosure of Plaintiffs' property, rescission and voiding of the Mortgage and Note, compensatory damages, punitive damages, treble damages, attorney fees, costs, and any and all other remedies available under the law.

## COUNT IV
## VIOLATION OF THE NEW JERSEY CONSUMER FRAUD ACT
### (N.J.S.A. 56:8-1, et seq.)

53. Plaintiffs incorporate by reference all preceding paragraphs as if set forth in full herein.

54. The conduct of the Defendant was unlawful in practice in violation of N.J.S.A. 56:8-1, et seq., telling Homeowners not to pay on their Mortgage and then telling Homeowners that because they did not pay their Mortgage they are in foreclosure.

55. The unlawful conduct of the Defendant caused the Homeowners ascertainable loss in violation of N.J.S.A. 56:8-1, et seq.: foreclosure on their home, ruin of their credit, and the inability to co-sign for their sons' college educations.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor and against

the Defendant for all damages deemed fair and equitable by this Honorable Court including rescission and voiding of the Mortgage and Note, compensatory damages, punitive damages, treble damages, attorney fees, costs, voiding the mortgage and note, and any and all other remedies available under the law.

## COUNT V
## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. 1692

56. Plaintiffs incorporate by reference all preceding paragraphs as if set forth in full herein.

57. Defendant is a debt collector within the meaning of the Fair Debt Collection Practices Act (FDCPA) 15 U.S.C. 1692, as the debt was asserted to be contractually in default at the time Defendant serviced the within loan.

58. Defendant has incorrectly stated the amount and the status of the Homeowners' debt.

59. Defendant failed to provide verification of the alleged debt to Homeowners in response to their qualified written requests for such verification.

60. Due to the repeated and continued violation of the FDCPA, Homeowners are entitled to actual and statutory damages under 15 U.S.C. 1692k.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor and against the Defendant for all damages deemed fair and equitable by this Honorable Court including rescission and voiding of the Mortgage and Note, compensatory damages, punitive damages, treble damages, attorney fees, costs, and any and all other remedies available under the law.

## COUNT VI
## SLANDER OF CREDIT

61. Plaintiffs incorporate by reference all preceding paragraphs as if set forth in full herein.

62. The actions and inactions of the Defendant have impaired Homeowners' credit, entitling them to damages including statutory punitive damages pursuant to state and federal law, all to be proved at the time of trial.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor and against the Defendant for all damages deemed fair and equitable by this Honorable Court including rescission and voiding of the Mortgage and Note, compensatory damages, punitive damages, treble damages, attorney fees, costs, and any and all other remedies available under the law.

## COUNT VII
## PROMISSORY ESTOPPEL

63. Plaintiffs incorporate by reference all preceding paragraphs as if set forth in full herein.

64. At all times material hereto, Defendant made the aforesaid statements, both orally and in writing.

65. When Defendant made these statements to the Homeowners, it knew or should have known that the Homeowners would rely upon such representations to their detriment.

66. Homeowners reasonably relied upon the aforesaid statements of Defendant to their detriment.

67. Defendant's failure to honor the loan modification, or to honor Homeowners' resumed payments towards their mortgage caused harm to the Plaintiffs, who detrimentally relied

upon Defendant's promises.

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor and against the Defendant for all damages deemed fair and equitable by this Honorable Court including rescission and voiding of the Mortgage and Note, an order declaring the Loan Modification Agreement valid and enforceable, compensatory damages, punitive damages, treble damages, attorney fees, costs, and any and all other remedies available under the law.

## COUNT VIII
## VIOLATION OF REAL ESTATE SETTLEMENT PROCEDURES ACT (RESPA)
## 12 U.S.C. §2605

68. Plaintiffs incorporate by reference all preceding paragraphs as if set forth in full herein.

69. Defendant is a servicer of a federally related mortgage loan within the meaning of the Real Estate Settlement Procedures Act (RESPA), 12 U.S.C. § 2605.

70. Each of the Homeowners' (and their attorney's) written requests for information about their account and correction of Defendant's errors were "qualified written requests" within the meaning of RESPA.

71. Defendant failed to respond in a proper and timely way to Homeowners' "qualified written requests" for information about, and corrections to, their mortgage account, in violation of 12 U.S.C. § 2605(e).

**WHEREFORE**, Plaintiffs respectfully request judgment in their favor and against the Defendant for all damages deemed fair and equitable by this Honorable Court including rescission and voiding of the Mortgage and Note, compensatory damages, punitive damages, treble damages, attorney fees, costs, and any and all other remedies available under the law.

## COUNT IX
## INFLICTION OF EMOTIONAL DISTRESS

72. Plaintiff incorporate by reference all preceding paragraphs as if set forth in full herein.

73. Defendant intentionally or negligently took action which caused Homeowners to suffer severe emotional distress.

74. Defendant knew or should have known that its conduct would result in severe emotional distress to the Homeowners.

75. As a direct result of Defendant's failure to properly service the Mortgage and to keep the Homeowners stuck in a state of uncertainty as to their housing, Homeowners have suffered emotional distress.

**WHEREFORE**, Plaintiffs respectfully request judgment in her favor and against the Defendant for all damages deemed fair and equitable by this Honorable Court including rescission and voiding of the Mortgage and Note, compensatory damages, punitive damages, treble damages, attorney fees, costs, and any and all other remedies available under the law.

## JURY DEMAND

Plaintiffs hereby request a Jury Trial for all issues so triable.

**SHAFFER & GAIER, LLC**

Date: 9/4/12

MICHAEL H. GAIER, ESQUIRE
*Attorney for Plaintiffs,*
*Lawrence and Susan Sarlo, H/W*

## CERTIFICATION PURSUANT TO RULE 4:5-1

Plaintiffs, by and through their counsel, hereby certify that the matter in controversy in this Complaint is not the subject of any other action pending in any other Court nor is it the subject of a pending Arbitration proceeding, nor are any other actions or Arbitration proceedings contemplated. Plaintiffs are not aware of any other party that should be joined to this action.

**SHAFFER & GAIER, LLC**

Date: 9/4/12

_____
**MICHAEL H. GAIER, ESQUIRE**
*Attorney for Plaintiffs,*
*Lawrence and Susan Sarlo, H/W*

1

## CERTIFICATION

I hereby certify that the facts set forth in the foregoing pleading are true and correct to the best of my knowledge, information and belief. I understand that if any of the foregoing is willfully false, I am subject to punishment.

_____
Lawrence Sarlo

Dated: